CALLANAN v. FRIEDMAN.

(Circuit Court, S. D. New York. April 24, 1900.)

1. INJUNCTION—DEFAULT DECREE—OBEDIENCE TO WRIT.
   If there is any sufficient ground for relieving a defendant from the operation of a decree for an injunction, taken by default, by opening his default, and allowing him to litigate the questions of law and fact arising in the cause, he should apply for such relief, and meanwhile obey the injunction, unless he can induce the court to suspend its operation.

2. SAME—CONTEMPT—PENALTY.
   A writ of injunction personally served on defendant commanded him to desist from making, using, or vending, in violation of a patent, any hat fasteners made substantially as described in said patent and claimed in the claim thereof. Thereafter defendant sold a dozen hat fasteners of the kind described in the writ. *Held*, that in view of the straitened circumstances of defendant, and of the fact that he was misled by his counsel, he should be fined the sum of $300, and, in default of payment within 10 days, be committed.

On Motion to Punish for Contempt.

Walter D. Edmonds, for the motion.
Jarvis H. Miller, opposed.

LACOMBE, Circuit Judge. Defendant seems to have treated the injunction of this court with open and absolute contempt, and he cannot shield himself from all punishment therefor by laying the blame on his counsel. If in the various proceedings prior to the entry of decree pro confesso there was any sufficient ground for relieving defendant from the operation of such decree, opening his default, and allowing him to litigate the questions of law and fact arising in the cause, his proper course was to apply for such relief, and meanwhile to obey the injunction, unless he could induce the

101 F.—21

court to suspend its operation. Instead of respecting the decree of the court, and applying in an orderly way for its modification, defendant has acted as if such decree were mere blank paper, and the commands of the court entitled to no consideration whatever. The writ of injunction was duly served upon defendant personally prior to April 1, 1900. It commanded him to desist from making, using, or vending, in violation of said patent, any hat fasteners made substantially as described in said patent and claimed in the claim thereof. Nevertheless, on April 2, 1900, defendant sold a dozen hat fasteners of the kind represented by sample filed with the moving papers. That hat fasteners such as this sample are "made according to and employing and containing the inventions and improvements described in said letters patent and claimed in the first claim thereof" is established by the decree (which so holds as to the fasteners sold prior to suit brought), it appearing that all the fasteners which defendant has sold, whether before or after decree, are substantially identical in all their parts. Disobedience of the injunction is flagrant. Nevertheless the court will give due consideration to the circumstance that defendant was misled by his counsel, and to the further fact that he is in straitened circumstances. A fine of $300 (one-third to the United States, two-thirds to complainant) is imposed, to be paid within 10 days, or, in default of payment, defendant will be committed.